**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7573**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK EDWARD COULTER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:12-cr-00603-JKB-1)

Submitted: February 20, 2020                           Decided: February 25, 2020

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Mark Edward Coulter, Appellant Pro Se. Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Edward Coulter seeks to appeal the district court's order denying on the merits his Fed. R. Civ. P. 60(b) motion for relief from the court's prior order denying relief on his 28 U.S.C. § 2255 (2018) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Coulter has not made the requisite showing. In his Rule 60(b) motion, the claims Coulter raised challenged the validity of his conviction, and, thus, the motion should have been construed as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain Coulter's successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (2018). Accordingly, we deny a certificate of appealability and dismiss the appeal.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*